**Opinion filed June 6, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00192-CR

_____

## RICHARD ARTHUR JONES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CR13465**

## M E M O R A N D U M   O P I N I O N

The jury convicted Richard Arthur Jones, Appellant, of the offense of online solicitation of a minor and assessed his punishment at confinement for twenty years and a $10,000 fine. As charged in this case, the offense was a second-degree felony because Appellant, intending to gratify himself sexually, communicated by text message or electronic message "in a sexually explicit manner, to-wit: descriptions of oral sex, deviant sexual intercourse, and masturbation, with Tony

Yocham, using the identity" of K.M.L., an individual younger than fourteen years of age or whom Appellant believed to be younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 33.021(b)(1), (f) (West 2011). We affirm.

In his sole issue on appeal, Appellant contends that the trial court erred when it refused to submit the defense of entrapment in its charge to the jury. Entrapment is a defense to prosecution when the defendant "engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense." TEX. PENAL CODE ANN. § 8.06(a) (West 2011); *see Hernandez v. State*, 161 S.W.3d 491, 497 (Tex. Crim. App. 2005). Entrapment includes both a subjective and an objective component: the defendant must show both that he was actually induced to commit the charged offense and that the persuasion was such as to cause an ordinarily law-abiding person of average resistance to commit the crime. *England v. State*, 887 S.W.2d 902, 913–14 (Tex. Crim. App. 1994). Objective inducement occurs when law enforcement tactics rise to the level of "active and overt persuasion, more than mere temptation." *Id.* at 911. "Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment." PENAL § 8.06(a). The defense of entrapment, when raised, is normally a question for the jury to decide. *Hernandez*, 161 S.W.3d at 498.

A jury charge on a defensive issue is required if properly requested and if evidence from any source raises that defense. *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993). In determining whether the evidence raises a defense, the credibility of the evidence is not at issue; the evidence may be strong, weak, contradicted, unimpeached, or unbelievable. *Id.* When the evidence fails to raise a defensive issue, the trial court does not err in refusing the defendant's request. *Id.*

The record in this case shows that Appellant timely requested a jury charge on the defense of entrapment. Appellant asserted that the e-mails in State's Exhibit

2

No. 1 contained evidence of inducement that raised the defense of entrapment. The trial court determined that entrapment was not raised by the evidence and, accordingly, denied Appellant's request.

We have reviewed the record, and we agree that the evidence failed to raise the defense of entrapment. The evidence shows that, prior to the involvement of law enforcement in this case, Appellant had been conversing with K.M.L. via text messages and e-mails. K.M.L.'s brother found out and sent messages to Appellant telling him to leave K.M.L. alone and informing him that K.M.L. was only thirteen years old. According to K.M.L. and her mother, sexually explicit text messages from Appellant were on K.M.L.'s phone. K.M.L.'s mother testified about the content of one of those messages; it stated that Appellant "wanted to squirt cum" all over K.M.L.'s body. K.M.L.'s parents took her phone away, and her father monitored the incoming messages for about a week. While K.M.L.'s father had her phone, Appellant sent a text message stating that he was FBI or ex-marine and could track her down. Alarmed, K.M.L.'s parents contacted the police. Investigator Anthony Wayne Yocham took over K.M.L.'s persona and made it clear in e-mails to Appellant that Appellant was conversing with a thirteen-year-old girl. Investigator Yocham's e-mails to Appellant did not initiate sexually explicit conversations or use any type of persuasion that would cause an ordinarily law-abiding person to commit the offense of online solicitation of a minor. Fifty-year-old Appellant thought he was conversing with thirteen-year-old K.M.L. when he sent sexually explicit messages, in which Appellant described various sexual acts that he wanted to engage in with K.M.L., to K.M.L.'s e-mail address. An exhibit containing the e-mail messages between Appellant and Investigator Yocham was introduced into evidence. None of those e-mails support Appellant's contention.

3

Nothing in the record indicates that Appellant was either subjectively or objectively induced by a law enforcement agent to commit the offense by such persuasion that would cause an ordinarily law-abiding person of average resistance to commit the crime of online solicitation of a minor. *See* PENAL § 8.06(a). Because no evidence of such inducement was introduced at trial, the evidence did not raise the defense of entrapment. Therefore, Appellant was not entitled to a jury instruction on the defense of entrapment. Appellant's sole issue is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


June 6, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.